UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Robert F. Williams, | Case No. 2:19-cv-2223-KJD-EJY |
| Plaintiff, | **SCREENING ORDER ON** |
| v. | **FIRST AMENDED COMPAINT (ECF No. 5)** |
| Michael Minev, *et al.*, | |
| Defendants. | |

Plaintiff, who is incarcerated in the custody of the Nevada Department of Corrections (NDOC), has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 5. Previously, the Court dismissed Plaintiff's original complaint (ECF No. 4) without prejudice. ECF No. 3. In granting leave to amend, the Court noted the deficiencies of the complaint and notified Plaintiff that this matter would be dismissed with prejudice if those deficiencies were not corrected in an amended complaint. Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No. 1.

Plaintiff's application to proceed *in forma pauperis* is granted. (ECF No. 1). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

The Court has screened Plaintiff's first amended civil rights complaint under 28 U.S.C. § 1915A. The Court will dismiss the First Amended Complaint with prejudice because it suffers from the same deficiencies as the original complaint and fails to state a colorable claim.

## I.  SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In

making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."  *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

II.     **PROCEDURAL HISTORY**

In screening Plaintiff's original complaint, the Court found that, liberally construed, his allegations that Jane Doe advised him that he did not need a tetanus shot did not state a

3

colorable Eighth Amendment claim. ECF No. 3 at 6. Plaintiff's allegations established that he was seeking to hold Jane Doe liable for being negligent in giving him medical advice. *Id.* The Court dismissed the claim with prejudice because negligence in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Id.*

The Court also found that, liberally construed, Plaintiff had failed to state a colorable claim under the Eighth Amendment against any of the defendants arising from the delay between his request for a tetanus shot and his receipt of a tetanus shot. *Id.* at 5. The Court noted that Plaintiff had failed to allege that he suffered a significant injury or that the delay in Plaintiff's receipt of the tetanus shot led to further significant injury. *Id.* The Court dismissed Plaintiff's Eighth Amendment claims for the delay in obtaining a tetanus shot without prejudice and gave Plaintiff leave to amend to cure this deficiency. *Id.*

The Court also found that, liberally construed, Plaintiff had failed to state a colorable claim under the Eighth Amendment against Peret, Faulkner or Minev as supervisors directly involved either in the delay of his receipt of the tetanus shot or the training of Jane Doe regarding infectious diseases. *Id.* at 7. The Court noted that Plaintiff had failed to allege any unconstitutional conduct by a subordinate. *Id.* The Court further noted that Plaintiff had failed to allege that any of the supervisor defendants were directly involved in or acquiesced to a subordinate's unconstitutional conduct. *Id.* The Court dismissed the claims against the supervisor defendants without prejudice and gave Plaintiff leave to amend to cure these deficiencies. *Id.*

The Court also dismissed Plaintiff's Fourteenth Amendment equal protection claims without prejudice because he had not alleged any facts to support the claim. *Id.* at 4.

**III.    SCREENING OF FIRST AMENDED COMPLAINT**

Plaintiff has not, in his First Amended Complaint, cured the deficiencies of the original complaint that the Court had identified for the Plaintiff. *Id.* at 4-7. Rather, the only significant difference between the First Amended Complaint and the original complaint is that Plaintiff has

deleted those allegations underlying the claim that the Court dismissed with prejudice: that Jane Doe was negligent in providing medical services. *Cf.* ECF No. 1-1 at 4-11 with ECF No. 5 at 4-11.

Plaintiff has not alleged any facts in his First Amended Complaint that he suffered a significant injury or that the delay in Plaintiff's receipt of the tetanus shot led to further significant injury. Rather, his First Amended Complaint merely repeats the allegations of the original complaint that the Court found deficient. *Cf.* ECF No. 1-1 at 4-8 with ECF No. 5 at 4-8. Accordingly, the First Amended Complaint is deficient for the same reasons that the original complaint had failed to state a colorable claim under the Eighth Amendment arising from medical treatment.

Plaintiff has not alleged any facts in his First Amended Complaint raising a plausible inference that any subordinate of the supervisor defendants engaged in unconstitutional conduct. Plaintiff has not alleged any facts suggesting that any supervisor defendant was directly involved in or acquiesced to a subordinate's unconstitutional conduct. Rather, his First Amended Complaint merely repeats the allegations of the original complaint that the Court found deficient. Accordingly, the First Amended Complaint is deficient for the same reasons that the original complaint had failed to state a colorable claim for supervisor liability under the Eighth Amendment arising from medical treatment.

Plaintiff has, again, failed to allege any facts in his First Amended Complaint that would support a Fourteenth Amendment equal protection claim. Accordingly, the First Amended Complaint is deficient for the same reasons that the original complaint had failed to state a colorable claim under the Fourteenth Amendment equal protection clause.

In his First Amended Complaint, Plaintiff has also added High Desert State Prison – Medical Department to the caption of his complaint as a defendant. Plaintiff has not alleged any facts within the First Amended Complaint identifying High Desert State Prison – Medical Department as a defendant. Plaintiff has not alleged any acts attributable to High Desert State Prison – Medical Department in any of his claims in the First Amended Complaint. Adding High

Desert State Prison – Medical Department to the caption of his complaint does not cure any of the deficiencies of the original complaint that the Court identified in dismissing that complaint without prejudice.

The Court notified Plaintiff of the deficiencies of each of the claims in the original complaint and provided Plaintiff an opportunity to amend those claims and cure those deficiencies. ECF No. 3. Plaintiff has filed an amended complaint. Plaintiff has not alleged any facts in his First Amended Complaint curing the deficiencies that were noted by the Court. Rather, Plaintiff has repeated the same allegations that the Court notified Plaintiff were insufficient to state a colorable claim. The Court also notified Plaintiff that the Court would dismiss this action with prejudice for failure to state a colorable claim if he failed to file an amended complaint curing the deficiencies of the original complaint. *Id.* at 8. As the First Amended Complaint does not cure the deficiencies of the original complaint, the Court will dismiss the First Amended Complaint with prejudice as amendment would be futile for failure to state a claim.

**IV.    CONCLUSION**

Therefore,

THE COURT **ORDERS** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is GRANTED. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status will not extend to the issuance or service of subpoenas at government expense.

THE COURT FURTHER **ORDERS** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of ROBERT F. WILLIAMS, INMATE PRISONER #92026, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that

the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

THE COURT FURTHER **ORDERS** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

THE COURT FURTHER **ORDERS** that the operative complaint is the First Amended Complaint (ECF No. 5). The Clerk of the Court will send Plaintiff a courtesy copy of the First Amended Complaint.

THE COURT FURTHER **ORDERS** that Plaintiff's First Amended Complaint (ECF No. 5) is DISMISSED in its entirety, with prejudice as amendment would be futile, for failure to state a colorable claim.

THE COURT FURTHER **ORDERS** that the Clerk of the Court close the case and enter judgment accordingly.

THE COURT **CERTIFIES** that any *in forma pauperis* appeal from this order would **not** be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS __1st__ day of __February__, 2021

Kent Dawson
United States District Judge

7